**FILED**

February 26, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  NM

DEPUTY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| KEDIN SILVERIO OCHOA VERELA, | § § § | |
| Petitioner, | § § | |
| v. | § § | **NO. SA-26-CV-1231-OLG** |
| ROSE THOMPSON *et al.*, | § § § | |
| Respondents. | § | |

## <u>O R D E R</u>

Before the Court in this habeas proceeding is Petitioner's Motion for Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction (Dkt. No. 2), filed February 25, 2026.

The injunctive relief Petitioner now seeks is identical to the ultimate relief sought on the merits of this already-expedited habeas proceeding. In that posture, this Court and others have denied such motions and proceeded directly to the merits of the habeas petition itself. *See Garcia-Aleman v. Thompson*, No. SA-25-CV-886-OLG, Order Denying Motion for TRO and Preliminary Injunction, (W.D. Tex. Oct. 30, 2025) (collecting cases); *Chambliss v. Ashcroft*, No. 3:04-CV-298-D, 2004 WL 718998, at *2 (N.D. Tex. Apr. 1, 2004) (recommending preliminary injunction be denied and habeas briefing be expedited because the preliminary relief was "the same as the relief sought through the habeas petition"), *report and recommendation adopted*, No. CIV.A. 3:04-CV-298D, 2005 WL 724206 (N.D. Tex. Mar. 30, 2005). Indeed, prompt resolution is already contemplated by the nature of the writ itself. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." (emphasis added)); *Harris v.*

*Nelson*, 394 U.S. 286, 291 (1969) ("[T]he office of the writ is to provide a prompt and efficacious remedy, . . . . [and] must not be allowed to founder in procedural morass." (citation modified)).

In any event, Petitioner has not demonstrated a substantial likelihood of prevailing on the merits. His statutory claim is unambiguously foreclosed by *Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330 (5th Cir. Feb. 6, 2026). And his due process claim likely fares no better. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 8 (2003) ("Plaintiffs who assert a right to a hearing under the Due Process Clause must show that the facts they seek to establish in that hearing are relevant under the statutory scheme.").

Accordingly, the Motion (Dkt. No. 2) is **DENIED**.

It is so **ORDERED**.

**SIGNED** on February 26, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

2